JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion. While I think the Court does a relatively creditable job of attempting to mesh statutes which simply do not track well, I am unable to join in its analysis.
Plainly stated, the question before us is whether the anti-stacking provision contained in § 33-23-203(1), MCA, is limited to liability coverages required by law or applies to all coverages contained in a vehicle insurance policy. The Court concludes that the statute prohibits only the stacking of required liability coverages, as the Court creatively defines such coverages. It is my view that, while the statute is not a model of clarity, the legislature’s intent to more broadly prohibit stacking is apparent therein. On that basis, I would answer the certified question in the affirmative.
The Court begins with the “motor vehicle liability policy” (MVLP) language contained in § 33-23-203, MCA, and looks first to § 33-23-204, MCA, for a definition of that term; that definition is stated as “any policy of automobile or motor vehicle insurance against liability now or hereafter required under Title 61, chapter 6, parts 1 and 3.” I agree that this appears to be a rational starting point.
Moreover, I generally agree with the Court’s interpretation that the definition of MVLP contained in § 33-23-204, MCA, addresses the third-party per person, per vehicle and property damage liability coverages required by Title 61, chapter 6, parts 1 and 3. Finally, I agree that the first-party med pay and underinsurance coverages at issue in this case are not liability coverages within the definitional parameters of MVLP contained in § 33-23-204, MCA.
That said, it is important to recall that our resolution of the certified question before us turns on the proper interpretation of § 33-23-203, MCA, rather than § 33-23-204, MCA. In my view, it is the Court’s attempt to force feed the § 33-23-204, MCA, definition of *291 MVLP into § 33-23-203(1), MCA, that results in a legally flawed and logically inconsistent analysis which disregards the actual language used by the legislature in § 33-23-203(1), MCA.
Inserting the § 33-23-204, MCA, definition of MVLP into § 33-23-203(1), MCA, produces the following rough reading of the first pertinent portion of that statute: “the limits of liability coverage required by Title 61, chapter 6, parts 1 and 3 ... cannot be stacked.” The problem I have with such a reading is that the legislature did not use language even approximating such a reading; it clearly used different words, and words clearly at odds with the Court’s interpretation, in § 33-23-203(1), MCA. What the legislature said is that the limits of “insurance coverage available” cannot be stacked. It is my view that, if the legislature had intended to limit the anti-stacking provision to “liability coverage required by law,” it could and would have done so. It did not.
A more reasonable interpretation of § 33-23-203(1), MCA, is that the legislature intended precisely what it said: to prohibit stacking of any and all “insurance coverage available” in an automobile insurance policy, including the med pay and underinsurance coverages at issue here. In that regard, I conclude that neither the definition contained in § 33-23-204, MCA, nor that contained in § 61-6-103, MCA, is logically transferable to the ‘limits of insurance coverage available” language contained in § 33-23-203(1), MCA. Therefore, while the general rule contained in § 1-2-107, MCA, is that definitions contained in one part of the Montana Code Annotated are applicable to the same word or phrase wherever it occurs, I would apply the ' exception to that rule also contained in § 1-2-107, MCA, and conclude in this case that “a contrary intention plainly appears” with regard to inserting definitions of MVLP into § 33-23-203(1), MCA.
This conclusion is further buttressed by the remaining — and, in my view, largest — barrier to the Court’s interpretation of § 33-23-203(1), MCA. The critical portion of the statute reads “the limits of insurance coverage available under any such policy, including the limits of liability under uninsured motorist coverage. ...” With the Court’s definition of “such policy” inserted, the statute reads “the limits of coverage required under Title 61, chapter 6, parts 1 and 3 [the $25,000/$50,000/$10,000 amounts of third-party liability coverage] including the limits of liability under uninsured motorist coverage.”
Whether or not one agrees with the Court’s creative interpretation that uninsured motorist coverage is actually required by § 33-23-201, MCA, and I do not, an inconsistency results on the face of § 33-23- *292 203(1), MCA, when both the Court’s definition of MVLP and the “including” clause are considered. It is clear that nothing in Title 61, chapter 6, parts 1 and 3, requires uninsured motorist coverage; the Court’s own analysis makes that clear in pointing out that the § 33-23-204, MCA/Title 61 required coverages are third-party per person, per vehicle and property damage liability coverage. It is equally clear that the “including” clause refers back to what preceded it in the statute — “such policy” — defined by the Court as the § 33-23-204, MCA, definition of MVLP. The “including” clause simply cannot broaden, by any rule of logic, grammar or law of which I am aware, the statutory definition of MVLP which the Court has inserted into the statute.
For these reasons, it is my view that the Court’s analysis is flawed. Amore reasonable reading of § 33-23-203(1), MCA, requires a conclusion that the legislature intended to prohibit the stacking of all coverages contained in an automobile insurance policy insuring more than one vehicle. I invite the legislature to revisit the statutes addressed in this case by both the Court and the dissenting opinions with an eye toward clarifying statutes which simply do not mesh well under any analysis.
I dissent.